## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tim Mackey and John Nesse as Trustees of          Civil No. 15-3330 (DWF/SER)
the Minnesota Laborers Health and Welfare
Fund, Gary Reed and John Nesse as
Trustees of the Minnesota Laborers
Pension Fund, James Brady and Martha
Henrickson as Trustees of the Minnesota
Laborers Vacation Fund, Gary Reed and
John Bartz as Trustees of the Construction
Laborers' Education, Training, and
Apprenticeship Fund of Minnesota and                    **ORDER FOR**
North Dakota, Dan Olson and Chris Born             **ENTRY OF JUDGMENT**
as Trustees of the Minnesota Laborers
Employers Cooperation and Education
Trust, the Minnesota Laborers Health and
Welfare Fund, the Minnesota Laborers
Pension Fund, the Minnesota Laborers
Vacation Fund, the Construction Laborers'
Education, Training, and Apprenticeship
Fund of Minnesota and North Dakota, and
the Minnesota Laborers Employers
Cooperation and Education Trust,

              Plaintiffs,

v.

Farmington Fence & Construction, Inc.,

              Defendant.


    This matter was heard before the undersigned on November 20, 2015.  Christy E.

Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on

behalf of the Plaintiffs.  There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1.      The Complaint was filed with the Court on August 19, 2015.

2.      The Complaint was served on Farmington Fence & Construction, Inc.'s ("Farmington Fence") authorized agent on August 20, 2015.

3.      Farmington Fence failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Farmington Fence to answer the Complaint lapsed.

4.      The Clerk entered default on September 11, 2015.

5.      Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6.      The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7.      The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

8.      The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9.     Farmington Fence accepted and agreed to be bound to the terms of a collective bargaining agreement between the Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions covering the period of May 5, 2014 through April 30, 2015 ("CBA").

10.     The CBA requires Farmington Fence to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

11.     The CBA requires that Farmington Fence set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

12.     The CBA requires that Farmington Fence submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due.  Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

13.     The CBA further provides that the Funds' Trustees, or their authorized agent, have the right, at any reasonable time, to inspect a complete set of all relevant payroll and employment records, including, but not limited to federal forms W2s and W3s, Social Security, withholding, unemployment, and Workers' Compensation payment records, 1099s, and 941s, and any other records deemed necessary by the Funds.

14.     The Funds' authorized agent requested that Farmington Fence produce a complete set of its payroll and employment records for the period of May 1, 2014 through December 31, 2014 ("Audit Period").

15.     Farmington Fence breached the terms of the CBA by failing and refusing to produce a complete set of its payroll and employment records for the Audit Period.

16.     Following the filing of this lawsuit Farmington Fence voluntarily produced a complete set of its payroll and employment records for the Audit Period and the Funds' authorized agent reviewed them to determine whether Farmington Fence complied with its contribution obligations to the Funds as set forth in the CBA.

17.     In conducting the audit, the Funds' authorized agent determined that there were hours worked by Farmington Fence's employees covered by the CBA for which Farmington Fence did not submit contributions to the Funds, and the Funds' authorized agent created an audit invoice setting forth the unpaid contributions.  Specifically, the Funds' authorized agent determined that $17,275.30 is due and owing to the Funds for delinquent contributions for the Audit Period.

18.     Farmington Fence breached the terms of the CBA by failing to submit the contributions found due and owing for the Audit Period.

19.     The CBA provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

4

20.     Liquidated damages in the amount of $1,727.53 are due and owing to the Funds for delinquent contributions for the Audit Period.

21.     The CBA further provides that a delinquent employer shall be required to pay all reasonable attorney fees and court costs incurred by the Funds.

22.     The Funds incurred attorney fees and costs in pursuing this delinquency in the amount of $2,308.98.  These attorney fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

## CONCLUSIONS OF LAW

1.     Farmington Fence is in default and the Funds are entitled to entry of judgment.

2.     Farmington Fence is liable to the Funds in the amount of $17,275.30 for unpaid contributions for the Audit Period.

3.     Farmington Fence is liable to the Funds for interest on the unpaid contributions determined by using the rate prescribed under 26 U.S.C. § 6621.

4.     Farmington Fence is liable to the Funds in the amount of $1,727.53 for liquidated damages on the unpaid contributions for the Audit Period.

5.     Farmington Fence is liable to the Funds in the amount of $2,308.98 for attorney fees and costs.

# ORDER

**IT IS HEREBY ORDERED** that**:**

1.      Plaintiffs' Motion for Entry of a Default Money Judgment (Doc. No. [9]) is

**GRANTED**.

2.      Judgment in the amount of $21,311.81 shall be entered against Farmington

Fence & Construction, Inc., and in favor of Plaintiffs.

3.      Plaintiffs are entitled to interest on the unpaid contributions of $17,275.30

in an amount to be determined by using the rate prescribed under 26 U.S.C. § 6621.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 23, 2015             s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge

6